UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEJANDRO FRANCO, | ) | No. CV 09-893 VBF (FFMx) |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATION RE: PLAINTIFF/CREDITOR'S |
| v. | ) ) | OBJECTIONS TO DEFENDANTS/ DEBTORS' CLAIMS OF EXEMPTION – |
| MICHAEL GENNACO, *et al.*, | ) ) | WAGE GARNISHMENTS |
| Defendants. | ) ) | |

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California. For the reasons discussed below, the undersigned recommends that the District Court grant in part and deny in part the objections of plaintiff and judgment creditor Alejandro Franco to the claims of exemption filed by defendants and judgment debtors Davie Chang and Kris Cordova and their respective spouses.

## I. PROCEEDINGS

In February 2009, plaintiff and judgment creditor Alejandro Franco ("plaintiff/creditor") filed this action under 42 U.S.C. § 1983 against (*inter alia*) defendants and judgment debtors Davie Chang, Anthony Pimental, and Kris Cordova ("defendants"). Plaintiff/creditor alleged that defendants, all Los Angeles County

Sheriff's Department deputies, assaulted him in a shower while he was a detainee at the Twin Towers Detention Facility.  (*See* Docket No. 13.)  In September 2010, a jury found in favor of plaintiff/creditor.  (Docket No. 145.)  Plaintiff/creditor was awarded $135,000 in damages, plus costs and attorney's fees.  (Docket Nos. 145, 160.)

On or about November 14, 2014, plaintiff/creditor caused earnings withholding orders (also known as wage garnishments) to be served upon the employers of Chang and Cordova ("defendants/debtors").  On or about December 1, 2014, defendants/debtors filed claims of exemption with the levying officer.[1]  (*See* Docket Nos. 274, 275.)  On or about January 13, 2015, plaintiff/creditor filed notices of opposition to the exemption claims.  (Docket Nos. 265, 267.)  Plaintiff/creditor also filed notices of hearing on the exemption claims, for February 15, 2015.  (Docket Nos. 266, 268.)

On April 9, 2015, plaintiff/creditor filed a request for a hearing on defendants/debtors' claims of exemption.  (Docket No. 284.)  Plaintiff/creditor represented that a clerk informed counsel that the noticed February 15th hearing was not properly scheduled with the Court and thus did not occur.  (*Id.* at 1.)  On April 21, 2015, the Court ordered the parties to submit additional briefing on the exemption claims.  (Docket No. 286.)  On April 24, 2014, plaintiff/creditor filed a supplement memorandum of points and authorities ("Pltf. Suppl. Memo.") in support of his objections.  (Docket No. 287.)  On May 4, 2014, defendants/debtors filed a supplemental memorandum of points and authorities ("Def. Suppl. Memo.") in support of their exemption claims.  (Docket No. 288.)

The matter thus stands submitted.  For the reasons that follow, the Court recommends that plaintiff/creditor's objections be granted in part and denied in part.

---

[1] During the same period, plaintiff/creditor sought to levy upon the bank accounts of Chang, Pimental, and Cordova and their respective spouses.  The Court addressed the judgment debtors' claims of exemption with respect to the bank levies in an earlier Report and Recommendation.  (Docket No. 277.)

## II.  DISCUSSION

A.     General principles.

 (1)     Wage garnishment procedure.

Under Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution.  Fed. R. Civ. P. 69(a)(1).  The procedure on execution and in supplementary proceedings "must accord with the procedure of the state in which the court is located," except to the extent a federal statute applies.  *Id.*  California's Wage Garnishment Law, in turn, provides the exclusive judicial procedure by which a judgment creditor may execute against the wages of a judgment debtor.  *See* Cal. Code Civ. Proc. § 706.020; *see generally* Cal. Code Civ. Proc. §§ 706.010 *et seq.*  Wage garnishment is accomplished by means of an earnings withholding order, which directs the debtor's employer to withhold a portion of the debtor's disposable earnings to satisfy a nonsupport judgment.  Cal. Code Civ. Proc. §§ 706.020-25.

To effectuate a wage garnishment, the creditor must first obtain the earnings withholding order by filing an application, supporting documentation, and the required fee with the levying officer in the county where the order is to be served.  Cal. Code Civ. Proc. § 706.102(a).  The earnings withholding order must be served on the judgment debtor's employer by the levying officer.  Cal. Code Civ. Proc. § 706.101.  Upon being served with an earnings withholding order, the employer must:  (1) withhold the nonexempt portion of the employee's disposable earnings for any pay period which ends during the withholding period;[2] and (2) pay to the levying officer, by the 15th of each month (or sooner) all funds withheld during the preceding month.  Cal. Code Civ. Proc. §§ 706.022(b), 706.025(a).

---

[2]  The withholding period begins on the 10th day after service of the earnings withholding order upon the employer and continues until the date the employer has withheld the full amount to satisfy the order or the order is terminated.  Cal. Code Civ. Proc. § 706.022(a).

3

   (2) <u>Claims of exemption</u>.

    (a) <u>Section 706.050</u>.

California Code of Civil Procedure section 706.050 ("Section 706.050") sets forth the maximum amount of "disposable earnings" that may be levied upon pursuant to an earnings withholding order. Cal. Code Civ. Proc. § 706.050(a). In pertinent part, the maximum amount of "disposable earnings" that is subject to wage garnishment is 25% of the debtor's disposable earnings for the pay period in question. *Id.* at (a)(1). "Disposable earnings" are those earnings remaining after deduction of any amounts required by law to be withheld. Cal. Code Civ. Proc. § 706.011(a). These include deductions for social security, federal and state income taxes, state disability insurance, and payments to public employee retirement systems. *Real Time Investments v. G.M.R. W. Trade Int'l*, No. C-91-1801-FMS (FSL), 1996 WL 708385, at *2 (N.D. Cal. 1996).

No claim of exemption need be made under Section 706.050. The exemption is automatic. *See* 15 U.S.C. § 1673(a)(1) (limiting wage garnishment to maximum of 25% of debtor's disposable earnings).

    (b) <u>Section 706.051</u>.

California Penal Code section 706.051 ("Section 706.051") exempts from levy by wage garnishment that portion of the judgment debtor's earnings that he or she proves is "necessary for the support of the judgment debtor or the judgment debtor's family supported in whole or in part by the judgment debtor . . . ." Cal. Code Civ. Proc. § 706.051(a). A judgment debtor claiming an exemption under Section 706.051 must file a claim of exemption and financial statement with the levying officer. Cal. Code Civ. Proc. § 706.105(b). The levying officer then sends the judgment creditor a notice of claim of exemption and a copy of the debtor's claim of exemption and financial statement. *Id.* at (c)(1)-(3).

A judgment creditor wishing to oppose the claim of exemption must file a notice of opposition with the levying officer within 10 days after the date the levying officer mailed the notice of claim of exemption. Cal. Code Civ. Proc. § 706.105(d). In

1  addition, if the creditor desires a hearing on the claim of exemption, the creditor must
2  file with the court (1) a notice of motion for an order determining the claim of
3  exemption; and (2) a notice of hearing on the claim of exemption. Cal. Code Civ. Proc.
4  § 706.105(e). At least 16 days before the hearing, the creditor must serve the judgment
5  debtor with a copy of the notice of opposition and the notice of hearing. The judgment
6  creditor must also give written notice of the hearing to the levying officer. *Id.* The
7  debtor claiming an exemption bears the burden of proving that such exemption applies.
8  Cal. Code Civ. Proc. § 703.580(b).

B.  <u>Defendants/debtors' claims of exemption</u>.

   (1)  <u>"Necessary" under Section 706.051</u>.

Chang and Cordova claim that all of their disposable earnings are exempt under Section 706.051 as "necessary" for the support of their respective families. In determining an exemption based on the needs of a judgment debtor and his or her family, the court must take into account all property of the individuals in question. Cal. Code Civ. Proc. § 703.115. The property considered includes not only the judgment debtor's property, but also "community property and separate property of the spouse," whether or not such property is subject to enforcement of the money judgment. *Id.* Under California law, earnings of either spouse acquired during the marriage constitute community property. Cal. Fam. Code § 760; *State Bd. of Equalization v. Woo*, 82 Cal. App. 4th 481, 483 (2000).

However, neither Section 706.051 nor the Wage Garnishment Law in general provides a definition of what counts as "necessary." *See* Cal. Code Civ. Proc. § 706.051; *see also J.J. MacIntyre Co. v. Duren*, 118 Cal. App. 3d 16, 18 (1981) (interpreting the same language in the predecessor wage garnishment statute). California courts have found that "necessary" normally includes housing costs, food, insurance, and automobile costs. *Id.* Ultimately, though, the "determination of what is 'necessary' for the support of the judgment debtor or his family has not been subject to a precise definition and differs with each debtor." *Id.*

(2) The Changs.

Chang declares that his monthly take-home income is $2,100, taking into account payroll deductions of $400 for federal and state taxes, FICA, and SDI. (Chang Financial Statement at 1 (Docket No. 274).)[3] Under Section 706.050, only 25% of that amount, or $525 per month, is subject to levy under a earnings withholding order. The Court finds that notwithstanding Chang's claim of exemption, the entire 25% of Chang's disposable earnings that are not exempt under Section 706.050 are subject to garnishment under plaintiff/creditor's earnings withholding order.

(a) Expenses.

Chang claims $6475 in monthly expenses for himself, his spouse Marivel, and his mother-in-law Marylen Nunes. (*See* Chang Financial Statement at 2 (incorrectly totaled as "$6,505"); Def. Suppl. Memo., Ex. A at 2.) However, it appears that Chang has double-counted his mortgage and HOA dues. Chang lists $2021 in installment payments, which he itemizes as $411 for a Toyota vehicle loan, $410 for a VW vehicle loan, and $1200 for a mortgage payment. In addition to these installment payments, Chang lists $604 for "Property Tax, HOA dues" and $1,600 for "rent or house payment and maintenance." (*Id.*)

There is no indication that the Changs rent one property and own another. The Court thus presumes that the $1600 "rent or house payment and maintenance" expense in fact includes the $1,200 mortgage payment. The Court concludes that Chang's

---

[3] Chang submits a revised financial statement and supplemental declaration with defendants/debtors' supplemental brief, in which he now asserts that Ms. Nunez lives with him and Marivel. (Def. Suppl. Memo, Chang Decl. and Ex. A.) There is no indication that these revised papers were served on plaintiff/creditor and the levying officer in accordance with California Code of Civil Procedure section 706.105. (*See id.*) As they do not alter the Court's conclusion, the Court need not conclusively determine whether it may consider the revised papers in addition to, or in lieu of, Chang's original financial statement and declaration. *See* Cal. Code Civ. Proc. § 706.105.

claimed monthly expenses should be reduced by $1,200 to reflect the double accounting for mortgage expense.

As to other necessary expenses, plaintiff/creditor objects that the Changs' car-related expenditures are excessive. (Pltf. Suppl. Memo at 5.) The Changs own three vehicles: a 2013 Toyota, a 2012 VW, and a 2001 Toyota. (Chang Financial Statement at 1; Def. Suppl. Memo, Ex. A at 1.) Their car payments total $821 and their transportation and auto expenses (insurance, gas, and repair) are $550, for a total of $1,371 in car-related expenditures. (*Id.*) Plaintiff/creditor contends that the Changs can reduce some of these expenses by selling one of the vehicles. (Pltf. Suppl. Memo at 5.) Chang counters that the 2001 Toyota is non-operational and stored in his garage, and there are thus only two operational vehicles for his and Marivel's use. (Def. Suppl. Memo., Chang Decl., ¶¶ 3-4.)

The Court is dubious of the necessity of keeping a non-operational vehicle. However, the costs associated with keeping it are likely *de minimis*. Accordingly, selling it would not appreciably reduce the family's expenses. Nor is it apparent that selling one of the newer vehicles would significantly reduce the family's expenses, in light of the costs associated with obtaining a replacement vehicle. The Court thus finds that the Changs' claimed car-related expenses are necessary for the family's support.

Plaintiff/creditor also opposes as excessive the Changs' claimed expense of $400 for entertainment. (Pltf. Suppl. Memo at 5; *see* Chang Financial Statement at 2; Def. Suppl. Memo, Ex. A at 2.) The Court agrees. It would be unrealistic to expect judgment debtors and their families to forego entertainment altogether. Nonetheless, $400 is in excess of what is "necessary" given the availability of free or low-cost entertainment. The Court thus allows the Changs $200 per month in necessary entertainment expenses. The Changs' necessary expenses thus total approximately $5,075 per month.

/ / /

/ / /

    (b)  Income and assets.

  The Changs owe no debts other than their mortgage and the loans on two of their three cars. They own approximately $40,000-$50,000 in assets. This total includes $3,600 in equity in the three cars and $30,000-$40,000 in real estate equity. (Chang Financial Statement at 1; Def. Suppl. Memo, Ex. A at 1.) As noted, Chang's monthly take-home income is $2,100. Marivel's monthly take-home income is $5,100.[4] (*Id.*) This leaves the family with $7,200 in monthly income to cover necessary expenses of approximately $5,075.

  In a declaration, Chang asserts that due to chronic illness, Marivel receives specialized treatment and has been on intermittent FMLA leave from her employment. (Chang Decl. at 1 (Docket No. 274).) Chang further asserts that his wife needs hip surgery, which has a four-to-six month "recovery period." (*Id.*) However, Chang does not specify how many weeks of unpaid leave Marivel takes per year. Nor does he set forth the extent to which Marivel's medical conditions decrease the couple's take-home income. (*See id.*; *see also* Def. Suppl. Memo., Chang Decl.)

  The Court will assume, for the sake of argument, that each year Marivel takes the entire 12-week period of unpaid leave allowable under the FMLA. In such circumstances, her monthly take-home income would drop to an average of $3,923. This would still leave the family with $6,023 per month to cover approximately $5,075 in necessary expenses.

  Chang further declares that he and Marivel provide Ms. Nunes with financial assistance, as she lives with them and is unable to support herself. (Chang Decl. at 1; Def. Suppl. Memo., Chang Decl., ¶ 5.) Plaintiff/creditor objects that this is not a

---

[4] In his revised financial statement, Chang states that Ms. Nunes contributes $700 in monthly take-home income. (Def. Suppl. Memo., Ex. A at 1.) Confusingly, Chang also asserts, in his supplemental declaration, that Ms. Nunes no longer works. (Def. Suppl. Memo., Chang Decl., ¶ 5.) The Court need not resolve the contradiction. *See* discussion, *infra*.

necessary expense, as Ms. Nunes does not qualify as a "family" member "supported by" the judgment debtor. (Pltf. Suppl Memo. at 5.)

The Court disagrees in part. California courts have held that family members whose needs may be considered along with the judgment debtor's include those members who reside with the debtor and whom the debtor has a legal or moral duty to support (and actually supports). *Lawson v. Lawson*, 158 Cal. 446, 450 (1910) (decided under predecessor wage garnishment exemption statute); *see also Diamond v. Bent*, 157 Cal. App. 2d Supp. 857, 869 (1957) (decided under predecessor statute). As Chang declares that Ms. Nunes lives with him and cannot support herself, she qualifies as a family member.

However, Chang does not describe the nature or amount of the financial assistance he and Marivel allegedly provide to Ms. Nunes. (Chang Decl. at 1; Def. Suppl. Memo., Chang Decl., ¶ 5.) Nor does he itemize any expenditures for such assistance or indicate that such expenditures are additional to the expenses claimed in his financial statements. (Chang Financial Statement at 2; Def. Suppl. Memo, Ex. A at 2.) Accordingly, Chang's alleged financial assistance to Ms. Nunes does not alter the Court's conclusion that the family's income exceeds its necessary expenses.

In sum, Chang has failed to carry his burden of showing that any portion of his monthly disposable earnings is exempt from wage garnishment under Section 706.051. The Court thus finds that the full 25% of Chang's disposable earnings (*i.e.*, $525) that is not exempt under Section 706.050 is subject to garnishment under plaintiff/creditor's earnings withholding order.

///
///
///
///
///
///

   (3) <u>The Cordovas</u>.

Cordova declares that his monthly take-home income is $2271.18, taking into account all of his payroll deductions.[5] (Cordova Financial Statement at 1 (Docket No. 275).) Under Section 706.050, only 25% of that amount, or $568 per month, is subject to levy under an earnings withholding order. The Court finds, however, that all of Cordova's disposable earnings are necessary to support his family and are therefore exempt from wage garnishment under Section 706.051.

As noted, Cordova's monthly take-home income is $2,271.18. His spouse, Anna, does not contribute income. (Cordova Financial Statement at 1.) Cordova lists assets of approximately $5,100, including approximately $4,600 in equity for a 2006 Kia Spectra and a 2000 Toyota Echo. (*Id.*) He claims monthly expenses of $2,845.23 for himself, Anna, and two minor children. (*Id.* at 2.) The claimed expenses include, *inter alia*, $300 for rent, $500 for food and household supplies, $200 for clothes, $452.50 in car-related expenses, $50 for entertainment, and $785 in installment payments on debt totaling almost $23,000.[6] (*Id.*)

The Cordovas' claimed expenses are not excessive for a family of four. Plaintiff/creditor contends, however, that the bank account statements submitted in conjunction with the Cordovas' claim of exemption for plaintiff/creditor's bank account levy demonstrates that over a three-month period in 2014, Cordova spent approximately $1,896 ($632 per month on average) on fast food purchases, restaurants, "gourmet coffee," vending machines, entertainment, and "other items not necessary for the

---

[5] Cordova's payroll deductions include $234.84 for "[r]etirement" and $94.50 for "457/401, Association ins/dues." It is unclear whether either of these deductions are required by law. *See* Cal. Code Civ. Proc. § 706.011(a). Assuming *arguendo* that they are not, Cordova's monthly disposable earnings would be $2,600.52. *See id*. Disposable earnings of that size would not change the Court's conclusion. *See* discussion, *infra*.

[6] Approximately $22,000 of that total is for "expenses," in the form of credit card and bank credit debt. (Cordova Financial Statement at 2.)

10

support of the debtor." (Objections at 1.) Plaintiff/creditor argues that Cordova "should not be allowed to avoid the consequences of the judgment entered against him by tactically deeming discretionary expenses as 'necessities.'" (Pltf. Suppl. Memo. at 4.) Plaintiff/creditor argues, in essence, that this alleged expenditure of $632 per month on discretionary expenses is fair game for garnishment. (*Id.*)

The Court disagrees. By the Court's calculations, the expenditures to which plaintiff/creditor objects total approximately $1,060, for an average of only $353 per month. (*See* Suppl. Obj., Ex. D.) The non-food expenditures are comprised mainly of entertainment-related purchases under $10 (*e.g.*, a recurring Netflix fee of $7.99 and an occasional Redbox rental under $5). The average monthly total of these purchases is in the ballpark of the family's claimed $50 per month in entertainment expenses. As Cordova argues (Def. Suppl. Memo at 6), this is a frugal level of expenditure for a family of four. The Court finds that these expenditures are "necessary" within Section 706.051's meaning.

The challenged food-related expenditures average approximately $300 per month. (*See* Suppl. Obj., Ex. D.) The majority of the purchases are under $10 apiece, from sources such as vending machines, Coffee Nutzz, and Jack in the Box. However, with occasional exceptions, they appear to be purchases for one person rather than the entire family. Arguably, this level of expenditure on eating out for one family member (albeit from modest sources) is excessive under the circumstances.

Ultimately, however, plaintiff/creditor's objections are unavailing. First, during the months in question, the Cordovas' monthly spending from the bank account exceeded the deposits therein by a rough average of $250. (*See* Suppl. Obj., Ex. D.) That is, the challenged food expenditures do not necessarily demonstrate a surfeit of disposable income. Second, by the Court's calculations, if the expenditures were reduced to a reasonable level, the Cordovas' food and household purchases would run

///

///

to approximately $500 per month (assuming an increase in grocery purchases). This is a reasonable figure and in keeping with the claimed expenses in Cordova's financial statement.

The Court thus finds that Cordova has met his burden of demonstrating that his claimed expenses are "necessary" for his family's support. As the claimed expenses exceed the family's income, under Section 706.051, all of his disposable earnings are exempt from wage garnishment.[7]

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the District Court enter an order denying in part the objections of plaintiff/creditor to defendants/debtors' claims of exemption as follows:

(1) Plaintiff/creditor's objections to defendant/debtor Davie Chang's claim of exemption under California Civil Code section 706.051 is upheld. Twenty-five percent of Chang's disposable earnings per pay period is subject to levy under the earnings withholding order at issue.

(2) Plaintiff/creditor's objections to defendant/debtor Kris Cordova's claim of exemption under Section 706.051 are denied.

DATED: July 23, 2015

                                               /S/ FREDERICK F. MUMM
                                               FREDERICK F. MUMM
                                               United States Magistrate Judge

---

[7] As the Court concludes that the Cordovas' claimed expenses are "necessary" for the family's support, the Court need not weigh Cordova's additional assertions. (*See* Cordova Decl. (Docket No. 275).)

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.